IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FRANKLIN R. PERKINS,           )
                                )
        Plaintiff,              )
                                )
v.                              )        Case No. CIV-09-624-D
                                )
UNITED STATES OF AMERICA,       )
                                )
        Defendant.              )

**O R D E R**

Before the Court is the United States' Motion to Dismiss [Doc. No. 6] under Fed. R. Civ.

P. 12(b)(1).[1] Following the removal of this case to federal court pursuant to the Federal Tort Claims

Act (FTCA), 28 U.S.C. §§ 2670-81, Defendant seeks a dismissal for lack of jurisdiction due to

Plaintiff's failure to exhaust administrative remedies and Plaintiff's assertion of intentional tort

claims barred by the FTCA. *See* 28 U.S.C. §§ 2675(a), 2680(h).[2] Plaintiff has timely responded in

opposition to the Motion and has filed a separate Motion to Remand [Doc. No. 9], seeking to return

the case to state court. Plaintiff disputes only whether his claims are governed by the Act; he does

not dispute that, if the Act applies, his claims must be dismissed. Defendant has filed a reply brief

in further support of its Motion and in opposition to remand.

Plaintiff originally sued ten federal employees with whom he formerly worked at Tinker Air

Force Base. He filed suit in state court asserting various state law tort claims arising from conduct

---

[1] The United States has been substituted as Defendant in place of ten individuals originally named in Plaintiff's state court petition:  Allen Decker; Linda Thomas; Charlotte Corcoran; Garry Bostick; Alesia Hairston; Paula Cochnauer; Susan Dickens; Michael Best; Larry Mullinax; and Jimmie Frame.

[2] The FTCA establishes preconditions to a waiver of sovereign immunity; a claimant must present a timely administrative claim to the appropriate agency, exhaust administrative remedies, and file a timely civil action. *See id*. §§ 2401(b), 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

that occurred during the course of prior litigation by Plaintiff against his employer alleging racial discrimination in a 2002 demotion; summary judgment was entered against him in 2006.[3]  *See Perkins v. United States ex rel. Roche*, Case No. CIV-04-715-M, Order (W.D. Okla. Sept. 6, 2006). In his current pleading, Plaintiff alleges the named individual defendants conspired to harm him by lying and making misrepresentations under oath in the prior litigation and submitting as evidence false documents that had been forged, altered, or fabricated.  Plaintiff identifies legal theories of civil conspiracy, tortious interference with business relations, negligence per se (due to violations of criminal statutes), defamation, and violation of the Oklahoma Anti-Discrimination Act.  *See* Petition [Doc. No. 1-5].  The United States removed the case to federal court and was substituted as Defendant based upon a certification by the United States Attorney for the Western District of Oklahoma that the original defendants were acting within the scope of their federal employment at the time of the alleged conduct.  *See* U.S. Att'y Certification [Doc. No. 1-6].[4]

Since enactment of the Federal Employees Liability Reform Act of 1988, the FTCA has provided absolute immunity for federal government employees "by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope

---

[3]  Plaintiff states in an affidavit that he is now retired but the demotion caused a significant reduction of his monthly retirement annuity.  *See* Pls.' Resp., Ex. 1 [Doc. No. 7-2], Perkins aff. ¶¶ 33-36.

[4]  This procedure is authorized by statute as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

of their employment." *United States v. Smith*, 499 U.S. 160, 163 (1991); *see* 28 U.S.C. § 2679(b)(1).

Even where the FTCA bars recovery for a person's injuries, an action must proceed as an FTCA

action upon certification by the Attorney General or his designee that a federal employee defendant

"was acting within the scope of his office or employment at the time of the incident out of which the

claim arose." 28 U.S.C. § 2679(d)(2); *see Smith*, 499 U.S. at 165.[5] This certification is dispositive

for purposes of removal jurisdiction; a district court "has no authority to return cases to state courts

on the ground that the certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 241 (2007).

A plaintiff may obtain judicial review of the scope-of-employment certification. *See Gutierrez de

Martinez v. Lamagno*, 515 U.S. 417, 420 (1995). However, if a federal court determines that the

certification in a removed case was incorrect, the federal employee may be re-substituted as the

defendant for purposes of trial, but the district court must retain jurisdiction over the case pursuant

to § 2679(d)(2). *See Osborn*, 549 U.S. at 242, 245.

## Standard of Decision

"When, as here, a party's Rule 12(b)(1) motion challenges the facts upon which subject

matter jurisdiction depends, 'a district court may not presume the truthfulness of the complaint's

factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited

evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. National

Inst. of Standards & Tech.*, 282 F.3d 1320, (10th Cir. 2002) (quoting *Holt v. United States*, 46 F.3d

1000, 1003 (10th Cir.1995)). Generally, "a court's reference to evidence outside the pleadings does

not convert the motion to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003.

However, a court must convert a Rule 12(b)(1) motion into a Rule 56 motion "when resolution of

the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is

---

[5] If the Attorney General refuses to issue a certification, the employee may seek a judicial determination that he was acting within the scope of his employment. 28 U.S.C. § 2679(d)(3).

intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* (citations omitted); *see Sizova*, 282 F.3d at 1324; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).  When deciding a scope-of-employment question under the FTCA, the jurisdictional question is dependent on the same statutes that provide the substantive claims, and a Rule 12(b)(1) motion should be treated as a motion for summary judgment. *See Olsen v. United States ex rel. Dep't of the Army*, 144 F. App'x 727, 730-31 (10th Cir. 2005).[6]

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if it is essential to the proper disposition of a claim under controlling law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if the evidence is such that a rational trier of fact could resolve the issue either way. *See id.*  All facts and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.  If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In this case, the certification signed by the United States Attorney, "although subject to de novo review, is prima facie evidence that an employee's challenged conduct was within the scope of his employment. The plaintiff then bears the burden of rebutting the scope-of-employment certification with specific facts." *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995).

---

[6] Unpublished decision cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

**Discussion**

**A.      Governing Law**

Under the FTCA, "'scope of employment' is defined by the respondeat superior law of the

state where the incident occurred." *Richman*, 48 F.3d at 1145; *see Williams v. United States*, 350

U.S. 857 (1955) (per curiam)).   The Oklahoma Supreme Court recently summarized state law of

*respondeat superior* liability in a case of alleged child abuse by a daycare worker as follows:

> To hold an employer responsible for the tort of an employee, the tortious act
> must be committed in the course of the employment and within the scope of the
> employee's authority.   *Hill v. McQueen*, 1951 OK 47, ¶¶ 3, 4, 230 P.2d 483,
> 484-485. As a general rule, an assault on a third person is not within the scope of an
> employee's authority.   *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160,
> ¶ 12, 867 P.2d 1241, 1245.  The exception to the general rule is well established.  An
> employer may be held responsible for the tort committed by the employee where the
> act is incidental to and done in furtherance of the business of the employer even
> though the servant or agent acted in excess of the authority or willfully or
> maliciously committed the wrongs.   *Ada-Konawa Bridge Co. v. Cargo*, 1932 OK
> 790, ¶ 31, 21 P.2d 1, 7, quoting *Mansfield v. Wm. J. Burns International Detective
> Agency*, 102 Kan. 687, 171 P. 625 (1918).   This is not to say that the commission of
> the tort was within the scope of the employee's authority, for no authority for such
> commission could be conferred, but where the employee was acting within the scope
> of authority to do the particular thing rightfully that was subsequently done in a
> wrongful manner. *Ada-Konawa*, 1932 OK 790, ¶ 32, 21 P.2d at 7, citing *Bjorkman
> v. Atchison, T. & S. F. Ry. Co.*, 117 Kan. 420, 231 P. 1029, 1030 (1925), which
> quoted from *Dixon v. Northern Pac. Ry. Co.*, 37 Wash. 310, 79 P. 943, 944 (1905).
> *Rodebush* summarized the exception to the general rule as applying where the act is
> "fairly and naturally incident to the business," and is done "while the servant was
> engaged upon the master's business and be done, although mistakenly or ill
> advisedly, with a view to further the master's interest, or from some impulse of
> emotion which naturally grew out of or was incident to the attempt to perform the
> master's business."   *Rodebush*, 1993 OK 160, ¶ 12, 867 P.2d at 1245, citing
> *Russell-Locke Super-Service v. Vaughn*, 1935 OK 90, ¶ 18, 40 P.2d 1090,1094, and
> *Ada-Konawa*, 1932 OK 790, ¶ 33, 21 P.2d at 7.   *Rodebush* added that:  "An
> employee's act is within the scope of employment if it is incident to some service
> being performed for the employer or arises out of an emotional response to actions
> being taken for the employer." *Rodebush*, 1993 OK 160, ¶ 12, 867 P.2d at 1245.

*Baker v. Saint Francis Hosp.*, 126 P.3d 602, 605 (Okla. 2005).  Thus, the Oklahoma Supreme Court

has held that *respondeat superior* liability cannot be imposed on a church for a minister's sexual

abuse of children because child molestation "is not part of the minister's duty nor customary within the business of the congregation" and he  "acted for his own personal gratification rather than for any religious purpose."  *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 599 (Okla. 1999).

Applying these principles in *Baker* to determine the daycare owner's liability for an employee's criminal act, the Oklahoma Supreme Court reasoned that where an employee is responsible for the care of infants, some type of stress-induced loss of control caused by crying babies and resulting in an abusive act could "arguably involve 'an emotional response to actions being taken for the employer,' if her motivation and purpose in doing so was, in whole or in part, an attempt to quiet the crying infant.  Thus, the act(s) may have been an attempt to do a rightful thing (i.e. quiet a crying child) 'in a wrongful manner.'" *Baker*, 126 P.3d at 605.  Accordingly, the court concluded that "the answer to the *respondeat superior* issue primarily lies in determining whether [the employee] had stepped aside from her employment at the time of the offending tortious act(s) on some mission or conduct to serve her own personal needs, motivations or purposes." *Id*. at 607.  The court found a question of fact on the record presented in *Baker* regarding whether the employee's "acts were so far removed from any work-related endeavor and geared, instead, toward a personal course of conduct unrelated to her work so that it would no longer be appropriate to hold her employer responsible for her act(s)." *Id*.

2.      **Plaintiff's Evidence**

Assuming the truth of the facts on which Plaintiff relies to defeat *respondeat liability* in this case, Plaintiff has failed to show that any of the federal employees against whom he brought suit were acting outside the scope of their employment positions to serve their own personal purposes. Plaintiff presents his affidavit and selected documents and deposition transcripts from his prior employment discrimination case to show that the individual defendants testified falsely on behalf

of the employer and submitted false documents regarding his employment that caused him to lose the case through summary judgment. From the record presented, it appears that the individuals are Plaintiff's former supervisor, other management level employees, and employees (such as EEO counselors) responsible for addressing his allegations of discrimination. The individuals' testimony and the documents they submitted concerned Plaintiff's employment, his job performance, a poor evaluation he received, and his allegations that a job demotion was motivated by discrimination. Regardless whether the individuals were acting honestly or deceitfully during the course of the prior litigation, Plaintiff presents no fact to show that these employees were not acting within their area of authority or responsibility in giving testimony and producing documentary evidence for the employer in that case. Plaintiff offers nothing to suggest that the employees' litigation conduct was done to serve some personal interest or agenda rather than as part of an effort, dishonest or not, to further their employer's interest by causing Plaintiff's employment discrimination claims to be defeated.

In short, Plaintiff's facts and evidence, accepted as true, fail to demonstrate that the federal employee defendants were acting outside the scope of their federal employment. Therefore, the Court finds that Plaintiff cannot overcome the United States Attorney's scope-of-employment certification. Thus, the United States is the proper defendant in this case.

### Conclusion

For the reasons stated above, this case was properly removed to federal court as an FTCA action pursuant to 28 U.S.C. § 2679(d)(2). However, because Plaintiff concedes that he failed to comply with jurisdictional prerequisites to suit under the FTCA, this action must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the United States' Motion to Dismiss [Doc. No. 6] is GRANTED and Plaintiff's Motion to Remand [Doc. No. 9] is DENIED.  The case is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED this  20th   day of July, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE