IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANKLIN R. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-624-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion for New Trial, or in the Alternative to Set Aside Order, for Good Cause, and Due to New Evidence [Doc. No. 13]. Because the Motion was filed within ten days after the entry of judgment, and because Plaintiff expressly requests a new trial, the Court considers the Motion to be filed under Fed. R. Civ. P. 59(e), although no procedural rule is cited. *See Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005). Defendant has timely opposed the Motion, and the time for filing a reply brief has expired. Thus, the Motion is at issue.

This action was dismissed for lack of jurisdiction based on a determination that it is governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2670-81, and the only claims available under the Act were barred by Plaintiff's failure to exhaust administrative remedies. The dispositive issue was Plaintiff's failure to present any specific facts to rebut a certification by the United States Attorney for the Western District of Oklahoma pursuant to 28 U.S.C. § 2679(d)(2), that the individuals originally sued by Plaintiff were acting within the scope of their federal employment at the time of the alleged conduct. *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). By his Motion, Plaintiff proffers additional facts and evidence to show the subject employees were

acting for "personal gain," and he requests an evidentiary hearing to prove their alleged misconduct was not within the scope of their employment. *See* Motion [Doc. 13] at 1.

The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.") (internal quotation omitted). In this case, Plaintiff fails to acknowledge this standard of decision, and also fails to satisfy it.

Plaintiff presents no new evidence that was previously unavailable to him. As explained in the government's response brief, Plaintiff's affidavit and many of his documentary exhibits were previously submitted in opposition to the motion to dismiss, and the affidavit of counsel and other newly submitted documents contain information that was known to Plaintiff at that time. When utilizing a Rule 59(e) motion to submit additional evidence, "the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted). Plaintiff's proffered evidence does not warrant reconsideration under this standard. Therefore, it provides no basis for relief from the judgment of dismissal.

Plaintiff also fails to demonstrate a need to correct a clear error in the Court's ruling. In his brief, Plaintiff simply presents many of the same arguments he previously made in opposition to dismissal and in support of his motion to remand the case to state court. He persists in a failure to recognize that the pertinent law for determining the scope-of-employment issue is "the *respondeat*

*superior* law of the state where the incident occurred," in this case, Oklahoma. *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995); *see also Williams v. United States*, 350 U.S. 857 (1955) (per curiam). Under Oklahoma law, the question is not whether the individual employees had personal reasons for their alleged acts, that is, allegedly giving false testimony and falsifying documents in Plaintiff's employment discrimination case. Rather, "the answer to the *respondeat superior* issue primarily lies in determining whether [the employee] had stepped aside from her employment at the time of the offending tortious act(s) on some mission or conduct to serve her own personal needs, motivations or purposes." *Baker v. Saint Francis Hosp.*, 126 P.3d 602, 607 (Okla. 2005). Stated another way, the question is whether the employee's "acts were so far removed from any work-related endeavor and geared, instead, toward a personal course of conduct unrelated to her work so that it would no longer be appropriate to hold her employer responsible for her act(s)." *Id*.

Upon consideration of Plaintiff's Motion, the Court adheres to its prior conclusion that "Plaintiff offers nothing to suggest that the employees' litigation conduct was done to serve some personal interest or agenda rather than as part of an effort, dishonest or not, to further their employer's interest by causing Plaintiff's employment discrimination claims to be defeated." *See* Order 7/20/09 [Doc. No. 10] at 7. Plaintiff's arguments in his current brief simply reinforce this conclusion; he argues that the individual employees were motivated by fear of retaliation by their employer if they did not help the employer win Plaintiff's case. Accordingly, it is clear these employees were acting to serve their employer's interest, as well as their own. The Court thus reaffirms its prior finding "that Plaintiff cannot overcome the United States Attorney's scope-of-employment certification" under the alleged facts of this case. *See id*. Therefore, the Court finds no basis for relief from its prior decision and judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for New Trial, or in the Alternative to Set Aside Order, for Good Cause, and Due to New Evidence Rebutting Certification of Scope of Employment [Doc. No. 13] is DENIED in its entirety.

IT IS SO ORDERED this  29th  day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE